## Hanlon *v.* Martin, Appellant.

*Trusts and trustees—Dry trust—Deed—Estate in fee simple.*

Where a person conveys land by a deed to a trustee in trust for the use of the grantor's wife "for and during her natural life so that she shall have the rents, issues and profits thereof and from and after the decease of the said" wife, "in trust for the use of the heirs of the body of said" wife by the said grantor "begotten or to be begotten forever," the wife and her children by the grantor, after the latter's death, may execute a valid mortgage of the land, inasmuch as the trust has become a dry trust and the legal title has become executed in the grantor's wife.

Argued Oct. 18, 1911.   Appeal, No. 64, Oct. T., 1911,

by defendants, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1910, No. 245, on petition for citation in case of Mary A. Hanlon et al. v. Mary Martin, Anastasia Woods, Henry John Martin, Patrick Charles Martin and Mary E. Daflinger. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for citation under act of April 20, 1905.

EVANS, J., filed the following opinion:

This case comes before the court on a petition for a citation on the defendants to show cause why they should not deliver possession to the petitioners, and the answers to that citation.

The petition and answers do not state with very great accuracy all the facts, but from the petition and answers, and the admissions of counsel at bar, the following are the facts which are material to this case:

On September 29, 1866, Hugh Martin, being then the owner of the property in dispute, made a deed of conveyance to Patrick Martin, in consideration of $1.00; "In trust, nevertheless, for the use of Mary Martin, wife of said Hugh Martin, for and during her natural life so that she shall have the rents, issues and profits thereof and from and after the decease of the said Mary Martin, wife of Hugh Martin as aforesaid in trust for the heirs of the body of said Mary Martin by the said Hugh Martin, begotten or to be begotten forever."

Hugh Martin has been dead many years. Patrick Martin died on May 7, 1890, and no trustee was appointed in his place. Prior to his death, Patrick Martin, the trustee, leased the premises for oil and gas as trustee, and did other acts indirect to the ownership of the legal title. On February 1, 1907, the respondents, Mary Martin, the widow of Hugh Martin, Anastasia Woods, Henry John Martin and Patrick Charles Martin, being all the children of Mary and Hugh Martin, executed a mortgage

to Elizabeth Renvers on the property in dispute to secure the payment of $7,000. Default having been made in the payment of the interest a scire facias was issued on the said mortgage, and prosecuted to judgment, and lev. fa. issued to the sheriff, on which writ the premises were exposed to sale and the property sold on February 9, 1910, to Elizabeth Renvers, who received a deed for the same dated February 26, 1910. The above petitioners became the owners of the property by deed from Elizabeth Renvers, March 31, 1910.

The answer of the respondents' claims that the deed from Hugh Martin to Patrick Martin created an active trust, that the legal title was in the trustee, and that the mortgage from the respondents was void.

It will be observed that Hugh Martin, husband of Mary Martin, was dead many years before the execution of the mortgage, and therefore there can be no question of a separate use trust. That question being eliminated, as we view the language of the deed, the trust was a dry trust and the deed passed the legal title to Mary Martin.

It follows then that the mortgage being valid, the title of the respondents passed with the sheriff's deed, and they have no right to hold possession as against the petitioners.

*Error assigned* was in entering judgment for the petitioners.

*Joseph R. Conrad*, with him *Alexander E. Eckles*, for appellant, cited: Bentley v. Kauffman, 86 Pa. 99; Earp's App., 75 Pa. 119; Harbster's Est., 133 Pa. 351.

*Thomas L. Kane*, with him *W. J. O'Donnell*, for appellees, cited: McCune v. Baker, 155 Pa. 503; Hemphill's Est., 180 Pa. 95; Eshbach's Est., 197 Pa. 153; Shower's Est., 211 Pa. 297.

PER CURIAM, January 2, 1912:

The judgment is affirmed on the opinion of Judge EVANS.